# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CHARLES CONNORS                                                                                      PLAINTIFF
ADC #  147668

V.                                             4:15CV00232 SWW/JTR

EMILY ABBOTT, Little Rock                                                              DEFENDANTS
Deputy Prosecuting Attorney, et al.

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Charles Connors, is a convicted prisoner who is currently housed at

the Grimes Unit of the Arkansas Department of Corrections ("ADC"). In this *pro se* § 1983 Complaint, he requested the Court to recalculate the amount of time that he has served in the ADC to include the interval time he spent in jail waiting to be sentenced. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be DISMISSED, without prejudice.

## II. Analysis

It is well settled that only challenges to "the circumstances" or "conditions" of confinement" can be brought in a civil rights action filed pursuant to 42 U.S.C. § 1983. Challenges like the one made by Plaintiff in this case go "to the fact or duration of a sentence of imprisonment" and must be brought in a 28 U.S.C. § 2254 habeas action. *Muhammad v. Close*, 540 U.S.749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Williams v. Hopkins*, 130 F.3d 333, 335-36 (8th Cir. 1997). Because the Plaintiff is unquestionably challenging the "duration" of his current sentence in the ADC, he must pursue this claim in a § 2254 habeas action.[1]

If Plaintiff intends to proceed with this claim, he must first exhaust all available state court relief before he can properly initiate a § 2254 habeas action in federal

---

[1] When determining what type of claim an inmate has asserted, a court must look to the nature of the allegations, instead of the label given to the claim by the inmate. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

court. [2]

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. 2), and his claims be DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 24th day of June, 2015.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE

---

[2] In order to challenge a sentence calculation by the ADC, a prisoner must file a "petition for declaratory judgment and petition for writ of mandamus." The Arkansas Supreme Court has described this claim as a civil cause of action which must be filed in circuit court. *See Wiggins v. State*, 299 Ark. 180, 771 S.W.2d 759 (1989). Furthermore, the "petition . . . is properly filed in the county in which the defendant, i.e., the Director of the Arkansas Department of Correction or keeper of the records of the Arkansas Department of Correction, is located." *Id*. Based on the foregoing cases, it appears that Petitioner should file a "petition for declaratory judgment and writ of mandamus" against Ray Hobbs, Director, Arkansas Department of Correction, in Jefferson County Circuit Court, the county where the Director's office is located. Additionally, it would also appear prudent to name as a party whomever is the ADC "keeper of the records." If Petitioner is denied relief at the circuit court level, he must appeal the denial of relief to the Arkansas Supreme Court. After having done this, Petitioner will have exhausted his available state court remedies. He can then properly pursue this claim in a federal habeas action.